1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DEERE INSURANCE COMPANY n/k/a SENTRY SELECT INSURANCE COMPANY, | ) 1:07cv0010 LJO SMS<br>)<br>)<br>) ORDER GRANTING DEFENDANTS'<br>) MOTION TO STAY PROCEEDINGS<br>)<br>Plaintiff, ) (Document 32)<br>)<br>v. )<br>)<br>SANDERS OLDSMOBILE-CADILLAC, )<br>INC., et al., )<br>)<br>)<br>)<br>)<br>Defendants. )<br>_____ ) |

Defendants Sanders Oldsmobile-Cadillac, Inc., Claude Sanders, Jason Sanders, Smith

Chevrolet Co., Inc., and Lawrence T. Smith filed the pending motion to stay these proceedings

on April 13, 2007.  The matter was heard before the Honorable Sandra M. Snyder, United States

Magistrate Judge, on June 8, 2007.  Michael J.F. Smith appeared on behalf of the moving

Defendants.  Chital Patel appeared on behalf of Plaintiff John Deere Insurance Co., now known

as Sentry Select Insurance Co. ("Plaintiff").

## PROCEDURAL BACKGROUND

Plaintiff filed the instant action for declaratory relief and reimbursement on January 3,

2007, based on this Court's diversity jurisdiction.  On January 5, 2007, Plaintiff filed an amended

complaint alleging eight causes of action.  Plaintiff names the following defendants: Sanders

1

1  Oldsmobile-Cadillac, Inc., Claude Sanders, Jason Sanders ("Sanders Defendants"); Smith

2  Chevrolet Co., Inc.,[1] Lawrence T. Smith ("Smith Defendants"); and Jaime Dominguez, Odilia M.

3  Dominguez, Eli Paz and Sandra L. Yanez ("Dominguez Defendants"), individually and as class

4  representatives in the underlying state court *Dominguez* action.

5       On April 9, 2007, the Court set a further scheduling conference for May 29, 2007, due to

6  the recent Fifth District Court of Appeal decision reversing the underlying *Dominguez* action and

7  the related, anticipated motion practice by the plaintiffs in that action.  The May 29, 2007, date

8  has since been continued to August 28, 2007, because of the pending motion to stay.

9       The instant motion to stay was filed on April 13, 2007.  The Sanders Defendants and

10 Smith Defendants move to stay this action based on the reversal of the *Dominguez* action, which

11 they contend essentially places the action back to the initial pleading stage in the Stanislaus

12 County Superior Court.[2]

13      Plaintiff filed its opposition on May 21, 2007.  Moving Defendants filed their reply on

14 May 24, 2007.

15      On June 14, 2007, the Court ordered the parties to submit further briefing to address the

16 issues that would be presented to this Court, including necessary discovery, in the event the

17 causes of action relating to the *Allen* action went forward.  The parties submitted their

18 supplemental briefing on June 28 and 29, 2007.

19 **FACTUAL BACKGROUND**

20 *The Underlying State Court Actions*

21      Plaintiff issued two errors and omissions policies to Defendant Sanders Oldsmobile.  This

22 declaratory relief action arises from three underlying Stanislaus County Superior Court actions in

23 which Plaintiff provided a defense under a reservations of rights:  *Zavala, et al., v. Sanders*

24

---

25   [1] Smith Chevrolet Co., Inc. purchased the stock of the Sanders dealership in August 2004, and Lawrence
26 Smith is the minority shareholder.  Smith Chevrolet Co., Inc. and Lawrence Smith had no ties to Sanders at the time the alleged causes of action arose.

27   [2] It appears from the docket that the Dominguez Defendants have not yet been served.  Nonetheless,
28 William Krieg appeared on their behalf at the April 9, 2007, scheduling conference.  The Dominguez Defendants have not joined in this motion to stay nor have they otherwise communicated with this Court.

1 *Oldsmobile-Cadillac, et al.*, *Allen, et al., v. Sanders-Oldsmobile-Cadillac, et al.*, and *Dominguez,*

2 *et al., v. Sanders Oldsmobile-Cadillac, et al.* *Zavala* was tried and a defense verdict obtained.

3       In *Allen,* Plaintiffs Elizabeth Allen and Keva Williams, on behalf of themselves and as

4 class representatives, filed an action in May 2002, alleging misrepresentations and concealment

5 and omissions of fact about the vehicle they purchased from Sanders.  They allege that Sanders

6 failed to disclose that the vehicle at issue was a former rental car.  Upon tender of the complaint,

7 Plaintiff provided a defense pursuant to the errors and omissions coverage and subject to a

8 reservation of rights.  In April 2004, Plaintiff settled the case and funded the settlement as

9 follows:  (1) $265,000 to class members; (2) $105,000 for statutory attorney fees; and (3)

10 $30,000 for class administrative costs.  Following settlement, the action was certified as a class

11 action and 209 separate class claims have been approved.  Plaintiff has since demanded

12 reimbursement of the $500 deductible per claim, in the total amount of $104,500, from Sanders.

13       *Dominguez* was filed in May 2002.  The Dominguez Defendants filed suit against

14 Sanders alleging fraud and deceit, as well as other statutory causes of action, with respect to sales

15 of vehicles.  Specifically, they alleged that Sanders made misrepresentations at the time of

16 purchase by indicating that they were required to purchase and Extended Service Agreement for

17 $1,495 in order to secure financing from a third-party lender.  Upon tender, Plaintiff did not

18 believe that the *Dominguez* action created a potential for coverage.  However, since it was

19 already defending Sanders in the *Allen* action, it provided a courtesy defense pursuant to the

20 errors and omissions coverage and subject to a reservation of rights.  After bifurcation of the

21 legal and equitable claims, a jury returned a special verdict finding that Sanders made false

22 representations of fact to Plaintiffs Paz and Yanez, but that they did not reasonably rely on the

23 representations and sustained no monetary damages.  After a bench trial, the court found that

24 Sanders' activity and conduct was predatory under California Business and Professions Code

25 section 17200, et seq., and awarded restitution to vehicle buyers who purchased Extended

26 Service Agreements from Sanders between May 22, 1998, and May 22, 2002.

27       Five months after the special verdict, California voters passed Proposition 64.  On appeal,

28 the Fifth District Court of Appeal reversed the lower court decision in light of Proposition 64 and

1    its affect on standing under California Business and Professions Code section 17200, et seq.

2    Specifically, the court found that Proposition 64, which limits recovery for unfair competition to

3    those who suffered injury in fact, was applicable to the action and therefore deprived plaintiffs of

4    standing.  The action has been remanded to the superior court, where counsel is attempting to

5    substitute new plaintiffs.

6         *The Federal Court Action*

7         Plaintiffs' amended complaint alleges eight causes of action.  The first four causes of

8    action involve the *Allen* case:  (1) Declaratory relief regarding reimbursement of deductible

9    ($104,500); (2) Breach of contract regarding reimbursement of deductible (for which it requests

10   judgment in the amount of $104,500); (3) Declaratory relief regarding the duty to indemnify; and

11   (4) Reimbursement of settlement money ($265,000).  Causes of action five through eight involve

12   the *Dominguez* action: (5) Declaratory relief regarding the duty to defend; (6) reimbursement of

13   defense fees; (7) Declaratory relief regarding the duty to indemnify; and (8) Declaratory relief

14   regarding how the $500 deductible applies in class action lawsuits.  Plaintiff therefore seeks

15   judgment for the deductibles, defense fees and settlement monies paid in the *Allen* action, as well

16   as judgment for the defense fees in the *Dominguez* case.

**DISCUSSION**

18   Defendants move to stay this action pending resolution of the *Dominguez* state court

19   action.  This, according to Defendants, will avoid factual inconsistencies and advisory opinions.

20   Defendants further contend that a stay will save them from having to defend themselves on two

21   fronts.  Defendants also point out that Plaintiff would not be left without a remedy as it can file

22   the claims in state court.

23   A.    Legal Standard

24   District courts "possess discretion in determining whether and when to entertain an action

25   under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter

26   jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995); Brillhart v.

27   Excess Ins. Co., 316 U.S. 491, 495 (1942).  In explaining this authority, the Supreme Court

28   stated:

1   Consistent with the nonobligatory nature of the remedy, a district court is authorized, in
2   the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory
    judgment before trial or after all arguments have drawn to a close. In the declaratory
3   judgment context, the normal principle that federal courts should adjudicate claims within
    their jurisdiction yields to considerations of practicality and wise judicial administration.

4   Wilton, 515 U.S. at 288.

5       Guidance for the exercise of this discretion is found in Brillhart and its progeny.  In

6   G.E.I.C.O. v. Dizol, 133 F.3d 1220, 1225 (9th Cir.1998), the Ninth Circuit explained:

7       The *Brillhart* factors remain the philosophical touchstone for the district court. The
        district court should avoid needless determination of state law issues; it should discourage
8       litigants from filing declaratory relief actions as a means of forum shopping; and it should
        avoid duplicative litigation ... If there are parallel state proceedings involving the same
9       issues and parties pending at the time the federal declaratory action is filed, there is a
        presumption that the entire suit should be heard in state court ... The pendency of a state
10      court action does not, of itself, require a district court to refuse federal declaratory relief
        ... Nonetheless, federal courts should generally decline to entertain reactive declaratory
11      actions.

12  B.      Analysis

13          1.      Needless Determination of State Law Issues

14      The parties do not dispute that the bulk of the issues in the amended complaint before this

15  Court involve California law.  The action arises out of insurance coverage disputes in the *Allen*

16  and *Dominguez* actions and resolution of these issues undoubtedly involves state law.  Indeed,

17  whether Defendants are entitled to coverage turns on whether their alleged actions fall under the

18  exclusion provisions of the applicable errors and omissions policy.  Traditionally, "states ha[ve] a

19  free hand in regulating the dealings between insurers and their policyholders." SEC v. Nat'l Sec.,

20  Inc., 393 U.S. 453, 459 (1969).  The California Supreme Court has stated, "[t]o eliminate the risk

21  of inconsistent factual determinations that could prejudice the insured, a stay of the declaratory

22  relief action pending resolution of the third party suit is appropriate when the coverage question

23  turns on facts to be litigated in the underlying action." Montrose Chem. Corp. v. Superior Court,

24  6 Cal.4th 287 (1993).

25      Plaintiff attempts to avoid this result by arguing that the underlying actions are not

26  parallel coverage actions, but are instead simply tort actions filed by third-party claimants against

27  Defendants.  The Ninth Circuit has determined, however, that state court actions not involving

28  the insurance carrier are sufficiently parallel to the declaratory relief action to merit consideration

5

1   under *Brillhart*.  See Employers Reinsurance Corp. v. Karussos, 65 F.3d 796 (9th Cir.1995),

2   *overruled, in part, on other grounds*, Dizol, 133 F.3d 1220; Golden Eagle Ins. Co. v. Travelers

3   Cos., 103 F.3d 750 (9th Cir.1996), *overruled, in part, on other grounds*, Dizol, 133 F.3d 1220.

4   The resolution of the issues before this Court turns on factual questions that are intertwined with

5   issues in the underlying actions.  In any event, this Court remains entitled to exercise its

6   discretion in determining whether to grant a stay, and the real possibility of inconsistent factual

7   findings weighs in factor of granting a stay.  Empire Fire and Marine Ins. Co. v. Rosenbaum,

8   2007 WL 951699, *4 (E.D. Cal. 2007)

9          Plaintiff also contends that since the *Allen* action is final, the related causes of action

10  should go forward in this Court.  However, this too may result in needless factual determinations

11  by this Court.  Although the *Allen* action is final, the case was settled without factual findings

12  and discovery will therefore be necessary to resolve the declaratory relief issues.  As Defendants

13  have pointed out, there is a great deal of overlap between the *Allen* and *Dominguez* actions.

14  Some of the same customers, vehicles and sales personnel are involved, as well as different

15  aspects of many of the same transactions.  So, while the *Allen* action is final, the discovery

16  necessary to resolve the coverage issues is very similar to the discovery in *Dominguez*, and going

17  forward on *Allen* would result in a needless waste of judicial resources.

18         2.      Forum Shopping

19         An inference of forum shopping can be implied from the fact that Plaintiff filed in federal

20  district court despite the opportunity to file in state court.  See eg., Empire Fire and Marine, at *4.

21         Plaintiff suggests that filed in this forum because it needs "preferential declarations and

22  judgments" as it believes Defendants are selling its limited asset pool in an attempt to avoid a

23  potential judgment.  While the Court is mindful of this allegation, Plaintiff has not presented the

24  Court with any evidence in support of its belief.  Allegations made on information and belief in

25  the First Amended Complaint are not sufficient to warrant a different result.

26         3.      Duplicative Litigation

27         The final factor also weighs in favor of staying the instant action.  As partly explained

28  above, the outcome of the underlying *Dominguez* action will be dispositive of many of the issues

1  before this Court, i.e., the scope of Plaintiff's duty to defend and indemnify.  Moreover, along

2  with the risk of duplicative litigation comes the risk of inconsistent outcomes.

3       In a related argument, Defendants contend that they should not be forced to litigate on

4  two fronts.  The Court agrees.  Plaintiff agreed early in the litigation process to represent

5  Defendants under a reservation of rights.  Despite its claim that it needs to move forward here to

6  prevent Defendants from making themselves judgment-proof, Plaintiff should not be allowed to

7  force its insured to litigate against their insurer here while simultaneously purporting to represent

8  their interests in *Dominguez.*  The potential for a conflict of interest is great and further weighs in

9  favor of a stay.

10      Given the uncertain future of the *Dominguez* action, the Court finds that a stay is

11  preferable to declining jurisdiction.  "[W]e note that where the basis for declining to proceed is

12  the pendency of a state proceeding, a stay will often be the preferable course, because it assures

13  that the federal action can proceed without risk of a time bar if the state case, for any reason, fails

14  to resolve the matter in controversy."  Wilton, 515 U.S. at 288, n. 2.

15      Based on the above, the Court therefore GRANTS Defendants' motion to stay the instant

16  action.  The parties are directed to file an initial report as to the status of the *Dominguez* action

17  within thirty (30) days of the date of service of this order.

18

19  IT IS SO ORDERED.

20  **Dated:    August 7, 2007**              **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28